2015 UT App 71

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
RAYMOND C. VELARDE,
Defendant and Appellant.

Opinion
No. 20130812-CA
Filed March 26, 2015

Second District Court, Ogden Department
The Honorable Michael D. DiReda
No. 121902632

Samuel P. Newton, Attorney for Appellant

Sean D. Reyes and Kris C. Leonard, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES JAMES Z. DAVIS and KATE A. TOOMEY concurred.

VOROS, Judge:

¶1     Raymond C. Velarde appeals his conviction for arranging to distribute a controlled substance. Velarde contends that the district court erred in denying his motion to withdraw his guilty plea. We conclude that the district court acted within its discretion in denying the motion. Accordingly, we affirm.

## BACKGROUND

¶2     A deputy for the Weber County Sheriff's Office testified to the following facts at Velarde's preliminary hearing. On December 4, 2012, a confidential informant contacted Velarde by phone. Velarde arranged to meet the informant and to sell him

three to four ounces of methamphetamine. The deputy listened in on the call and accompanied the informant to the meeting place. The informant described Velarde and Velarde's car. When Velarde arrived, the deputy arrested him. The deputy found four ounces of methamphetamine in Velarde's car. Velarde admitted to the deputy that he had agreed to meet the informant and to sell him methamphetamine.

¶3    The State charged Velarde with arranging to distribute a controlled substance under section 58-37-8(1)(a)(ii) of the Utah Code. That section states that "it is unlawful for any person to knowingly and intentionally: . . . (ii) distribute a controlled or counterfeit substance, or to agree, consent, offer, or arrange to distribute a controlled or counterfeit substance." Utah Code Ann. § 58-37-8(1)(a)(ii) (LexisNexis 2012).

¶4    Velarde pled guilty as charged. The factual basis written on the plea affidavit said only "as stated in court." The court held a plea colloquy before accepting the guilty plea. The court verified that Velarde had read and understood the plea agreement. The judge then asked Velarde what he had done, and Velarde stated that he had methamphetamine on his person and "was going to distribute it." The court accepted Velarde's guilty plea and found that Velarde entered it knowingly and voluntarily. Velarde later moved to withdraw his guilty plea. The court denied the motion. The court sentenced Velarde to an indeterminate term of one to fifteen years in prison. Velarde appeals the district court's denial of his motion to withdraw his guilty plea.

ISSUE AND STANDARD OF REVIEW

¶5    Velarde contends that the district court erred when it denied his motion to withdraw his guilty plea. We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *See State v. Beckstead*, 2006 UT 42, ¶ 7, 140

P.3d 1288. "As to the subjective inquiry of whether a defendant understood the factual and legal basis for the plea and made an informed decision to waive the implicated constitutional rights, we owe deference to the district court." *State v. Candland*, 2013 UT 55, ¶ 9, 309 P.3d 230.

ANALYSIS

¶6 Velarde contends that the court failed "to strictly comply with Rule 11(e)(4)(A) of the Utah Rules of Criminal Procedure." Velarde maintains that he did not knowingly and voluntarily enter his plea, because "the court failed to clarify and articulate that the factual basis mirrored the appropriate elements of the offense and that [he] understood he was admitting to those facts." Specifically, Velarde argues that "[t]he court's colloquy did not show that Mr. Velarde understood that he was admitting to agreeing, consenting, offering or arranging in any way." *See* Utah Code Ann. § 58-37-8(1)(a)(ii).

¶7 Rule 11 provides that the court may not accept a guilty plea until it has found that "the defendant understands the nature and elements of the offense to which the plea is entered," Utah R. Crim. P. 11(e)(4)(A), and that "there is a factual basis for the plea," *id.* R. 11(e)(4)(B). "A factual basis is sufficient if it establishes that the charged crime was actually committed by the defendant or, if the defendant refuses or is otherwise unable to admit culpability, that the prosecution has sufficient evidence to establish a substantial risk of conviction." *Id.*

¶8 Rule 11 governs the taking of guilty pleas, but not their withdrawal. "Although rule 11 provides guidance for the entry of guilty pleas, any attempt to withdraw that plea is governed by statute." *State v. Alexander*, 2012 UT 27, ¶ 19, 279 P.3d 371 (citation omitted). Utah Code section 77-13-6 provides in part that a "plea of guilty . . . may be withdrawn only upon leave of the court and a showing that it was not knowingly and

voluntarily made." Utah Code Ann. § 77-13-6(2)(a) (LexisNexis 2012). "This statutory standard mirrors the showing necessary for defendants to prove that their pleas are unconstitutional." *Alexander*, 2012 UT 27, ¶ 19. "Thus, even if there was a violation of rule 11 during the plea hearing, appellate courts must continue to inquire into whether there is evidence that the plea was nonetheless knowingly and voluntarily made." *Id.* ¶ 25.

¶9 The existence of a factual basis for a guilty plea "shall be determined by examining the record as a whole." Utah R. Crim. P. 11(*l*). The record as a whole includes "transcripts of the plea hearing and . . . the circumstances surrounding the case," *Candland*, 2013 UT 55, ¶ 16, including the plea affidavit and—of particular relevance here—the transcript of the preliminary hearing, *see Willett v. Barnes*, 842 P.2d 860, 863 (Utah 1992) (stating that "what occurred at the preliminary hearing" may be "sufficient to provide a factual basis for plaintiff's later plea").

¶10 Velarde heard the charge and its elements during the reading of the information and waived a later reading of the information, saying that he understood the charges. In addition, at Velarde's preliminary hearing, a deputy of the Weber County Sheriff's Office testified that Velarde admitted to arranging the sale of methamphetamine to a friend (who turned out to be the confidential informant). Velarde arrived at the place arranged for the sale of the methamphetamine and was identified by the informant. Velarde confessed that he planned to sell the four ounces of methamphetamine recovered from his vehicle. In connection with the plea agreement, Velarde read, understood, and signed the plea affidavit, which described the elements of the crime charged and the rights Velarde waived by pleading guilty. And during the plea colloquy, he admitted to having methamphetamine and said he was "going to distribute it."

¶11 This record evidence demonstrates that Velarde understood the nature of the offense to which he pled guilty and

the factual basis for his guilty plea. In particular, the evidence presented at his preliminary hearing provides an ample factual basis for the charge of arranging to distribute a controlled substance. Consequently, we conclude that the district court acted well within its discretion in ruling that Velarde's plea was made knowingly and voluntarily.

CONCLUSION

¶12     The judgment of the district court is affirmed.

_____